UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LESLIE CRONISTER, )<br>)<br>Defendant. ) | Civil Action No. 04-11378-GAO |

**AFFIDAVIT SUPPORTING UNITED STATES' MOTION FOR DEFAULT**

I, Nancy M. Rojas, state under oath that:

1. I am a Paralegal with the United States Attorney's Office Financial Litigation Unit located in Boston, Massachusetts.

2. In that capacity, I process and maintain debt collection cases, including the case of Leslie Cronister (hereinafter "Cronister"). I am also the custodian of the records for such cases.

3. Cronister acknowledged receipt of the complaint, according to the Waiver of Service of Process, and agreed to waive service of summons on June 22, 2004 at 50 Chouteau Avenue, Framingham, MA 01701. See attached exhibit "A". As of August 30, 2004, Cronister has not served on the United States Attorney an answer, or other responsive pleading, to the complaint in the above captioned action.

Nancy M. Rojas
Paralegal

Date: August 30, 2004

Signed and sworn to before me at Boston, Massachusetts, on this 30 day of August, 2004.

Mary A. Watson
Notary Public

My commission expires: 2/16/07

# WAIVER OF SERVICE OF PROCESS

To:     Christopher R. Donato, Assistant U.S. Attorney

I acknowledge receipt of your request that I waive service of a summons in the action of <u>United States v. Leslie Cronister</u>, which is case number 04-11378-GAO in the United States District Court for the District of Massachusetts. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under Rule 12 is not served upon you within 60 days after June 21, 2004.

6-22-04
Date

Signature

Printed/Typed Name: Leslie Cronister, MD
Address: 50 Choupeau Ave
Framingham, MA 01701

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.



EXHIBIT A